**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Gonzalez, | No. CV-18-00006-TUC-BPV |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Joseph Gonzalez filed the instant action pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) seeking review of the final decision of the Commissioner of Social Security. The Magistrate Judge has jurisdiction over this matter pursuant to the parties' consent under 28 U.S.C. § 636(c). (Doc. 13.) The matter is now fully briefed before this Court. (Docs. 15-18.) For the following reasons, the Court reverses the decision of the Commissioner and remands for further proceedings consistent with this Order.

## I. PROCEDURAL HISTORY

On April 24, 2015, Plaintiff filed a Title II application for disability and disability insurance benefits and a Title XVI Application for Supplemental Security Income on May 7, 2015. (Administrative Record (AR) 15, 208-16.) Plaintiff alleged disability as of February 9, 2015 due to arthritis, intellectual disorder, learning disability, and attention deficit disorder. (AR 233.) Plaintiff's application was initially denied on August 14, 2015 (AR 59-72), and upon reconsideration on November 24, 2015 (AR 87-103). After requesting a hearing (AR 137-38), on April 5, 2017, Plaintiff testified before an

Administrative Law Judge (ALJ) (AR 34-56). The ALJ issued an unfavorable decision on August 2, 2017. (AR 15-28.) The Appeals Counsel denied Plaintiff's Request for Review on December 5, 2017 (AR 1-3), making the ALJ's decision the Commissioner's final for the purposes of review.

Plaintiff filed the instant action on January 8, 2018. Plaintiff first claims that harmless error occurred when the ALJ failed to consider the opinion of vocational expert Philip Shapiro, MS, CVE, CRC. (Doc. 16 at 2.) Second, the ALJ erred because she failed to account for Plaintiff's synostosis in his left arm in the RFC. *Id*. Because the Court finds that the ALJ committed harmful legal error by not evaluating Mr. Shapiro's opinion, it does not reach Plaintiff's argument that the ALJ failed to account for Plaintiff's ability to rotate his arm due to synostosis.

**II.    SUMMARY OF ALJ'S FINDINGS**

The burden of demonstrating disability lies with a claimant. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). To do so, a claimant must show that a physical or mental impairment precludes substantial gainful activity, and it is anticipated that this impairment will either result in death or last continuously for at least a year. 42 U.S.C. §§ 423(d)(1).

An ALJ determines whether a claimant is disabled through a five-step sequential evaluation. *See* 20 C.F.R. §§ 404.1520, 416.920. A claimant must establish: (1) she has not performed substantial gainful activity since the alleged disability onset date ("step one"); (2) she has a severe impairment(s) ("step two"); and (3) her impairment(s) meets or equals the listed impairment(s) ("step three"). *Id*. "If the claimant satisfies these three steps, then the claimant is disabled and entitled to benefits. If the claimant has a severe impairment that does not meet or equal the severity of one of the ailments listed[,] . . . the ALJ then proceeds to step four, which requires the ALJ to determine the claimant's . . . RFC." *Dominguez v. Colvin*, 808 F.3d 403, 405 (9th Cir. 2015). "After developing the RFC, the ALJ must determine whether the claimant can perform past relevant work." *Id*. Then, at stage five, "the government has the burden of showing that the claimant could perform other work existing in significant numbers in the national economy given the claimant's

RFC, age, education, and work experience." *Id.*; 20 C.F.R. §§ 404.1520, 416.920.

In this case, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 9, 2015. (AR 18.)

At step two, the ALJ determined that Plaintiff had severe impairments, including cervical stenosis, arthritis, intellectual disorder, attention deficit disorder, and depression. (AR 18.)

Then the ALJ decided–at step three–that the Plaintiff's impairments did not meet or equal the listed impairments either singularly or in combination. *Id.* The ALJ considered Listings 12.04, 12.05, and 12.11 in her determination, and found that under the B criteria of these listings, Plaintiff suffered moderate limitations in understanding, remembering, or applying information; and concentration, persistence, and pace. (AR 19.) The ALJ further found only mild limitations in social interactions, adapting and personal management. (AR 19.) The ALJ found Plaintiff had not met the severity needed for a listed impairment because he did not have two marked limitations or one extreme limitation. (AR 19.) The ALJ found that Plaintiff had failed to meet the paragraph C criteria as well. *Id.*

At step four, the ALJ stated that given the limiting effects of her ailments, Plaintiff's RFC permitted light work with occasional ladder climbing, crawling, and reaching overhead bilaterally. (AR 20.) Furthermore, Plaintiff could understand, remember, and perform simple tasks. *Id.* But, based on this assessment, the ALJ concluded that Plaintiff could not perform past relevant work because Plaintiff's abilities did not meet the parameters set in the RFC. (AR 26.)

Finally, at step five, given Plaintiff's RFC, age, education, and work experience, the ALJ found that Plaintiff was not disabled and that work for Plaintiff existed in the national economy as a hand packager, garment sorter, or stock checker. (AR 27.)

///
///
///
///

- 3 -

### III. PLAINTIFF'S BACKGROUND, STATEMENTS, AND VOCATIONAL EXPERT'S FINDINGS

At the time of the administrative hearing, Plaintiff was twenty–nine years old. (Doc. 16 at 3.) He finished high school through the special education program (AR 39) and previously worked as a bagger. (AR 26.)

Plaintiff testified he encountered difficulty grabbing and lifting objects because of the pain caused by pronating and supinating his arm. (AR 45.) He also claimed he was unable to quickly move his hands because of neck pain. (AR 46-47.)

The ALJ presented the Vocational Expert (VE) with a hypothetical person who could sit, stand, and walk six hours a day; could occasionally lift 10 – 20 pounds, crawl, climb, and reach bilaterally; and could understand, remember, and carry out simple instructions. (AR 50.) The ALJ asked whether that person could perform Plaintiff's past work. The VE stated no. *Id*. The ALJ asked whether there was other work this person could perform. *Id*. The VE stated that a such a person could work as a hand packager, garment sorter, or stock checker. *Id*. However, these jobs could not be performed if the person was only able to engage in occasional grasping or handling of objects. (AR 53.)

The ALJ asked the VE if a person could not maintain a high speed of production whether that would decrease the number of jobs available. (AR 53.) The VE responded that with "[a]ny repetitive job, you're moving at a pace. It doesn't mean that you have to do a certain amount or anything like that. So it depends on the worker and how they do it." (AR 54.) But, the VE noted, if an employee could not keep up with the "normal pace" of a job he could not successfully work. *Id*.

### IV. Vocational Expert Philip Shapiro's Opinion

Plaintiff hired Vocational Expert Philip Shapiro, MS, CVE, CRC to evaluate his impairments. (AR 306-317.) Mr. Shapiro interviewed Plaintiff and considered medical records, and provided his opinion on Plaintiff's mental and physical competency as well as his ability to engage in work. *Id*. Shapiro determined that Plaintiff "has poor potential for jobs requiring the rapid manipulation of small tools, instruments, and objects, such as assembly line work or jobs requiring a quota system" or jobs that needed visualization.

(AR 310.) Shapiro found that Plaintiff could work at a slow and steady pace as long as the tasks do not have multiple steps (AR 310), but his work speed was below average (AR 313). He asserted that Plaintiff occasionally needed instructions repeated (AR 313), and may have problems working full time because of sitting limitations (AR 312). Shapiro concluded that Plaintiff "may have difficulty on jobs where work speeds are a primary requirement of the job, such as bench assembly work" and he could only work at jobs where "competitive work speeds were not required." (AR 313, 316.) He would also likely need extra time to learn any job. *Id*. Shapiro added that Plaintiff may need supervision; he "may find it difficult to obtain and maintain gainful employment without accommodations, and most likely he will require a supported work setting." (AR 316-17.) Finally, Shapiro indicated that Plaintiff may be restricted to only part-time work. (AR 317.)

Plaintiff argues that the ALJ committed harmful legal error when she failed to consider the opinion of Mr. Shapiro. (Doc. 16 at 8-9.) While Plaintiff concedes that Shapiro is not an acceptable source, he conducted tests on Plaintiff that corresponded with tests used in Social Security proceedings, so the information was competent. *Id.* at 9. Furthermore, even lay testimony must be considered and the ALJ was required to give germane reasons for rejecting the opinion. *Id*. at 8. The ALJ provided no evaluation at all; this was unacceptable. *Id*.

Defendant alleges that it is within the ALJ's discretion whether or not to utilize a VE. (Doc. 17 at 2-3.) In addition, the ALJ considered the opinion of the VE in the hearing, and therefore did not need to consider Shapiro's opinion. *Id*. at 3. Defendant also maintains that the VE established that Plaintiff could perform at a workable pace, and therefore the VE did not undermine Shapiro's opinion. *Id*.

"[I]n evaluating a claimant's subjective complaints . . . , the adjudicator must give full consideration to all of the available evidence, medical and *other*, that reflects on the impairment and any attendant limitations of function." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (alterations and emphasis in original). An other source cannot determine whether impairment exists; but may outline the severity of Plaintiff's symptoms and the effect of such symptoms on functioning. SSR 06–03p. "[Other sources] are not

entitled to the same deference [as acceptable medical sources] . . . . The ALJ may discount testimony from these 'other sources' if the ALJ 'gives reasons germane to each witness for doing so.'" *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting *Turner*, 613 F.3d 1224); see 20 C.F.R. § 404.1527.

The Court finds that completely ignoring Mr. Shapiro's testimony was legal error. The ALJ's general statement that she had considered all the opinion evidence accordingly was insufficient. (*See* AR 21.) Had the ALJ called both the VE and Shapiro to testify at the Administrative Hearing and then decided she found the VE's testimony compelling, it may have been appropriate to ignore Shapiro's. However, the VE was evaluating the hypothetical limitations presented by the ALJ, while Shapiro performed standard tests and based his evaluations on the functional limitations that he observed. The ALJ had a duty to provide, at minimum, germane reasons for ignoring this testimony.

Furthermore, the ALJ's opinion did not explain the extent in which Plaintiff's pace restrictions impeded work, even though the ALJ gave weight to other opinions which indicated that Plaintiff suffered from moderate limitations maintaining a consistent pace. These opinions included Dr. Eric Penner, Ph.D. (given substantial weight) and Andres Kerns, Ph.D. (substantial weight). (AR 25.) Giving substantial weight to opinions that expressed limitations in pace, then entirely disregarding Shapiro's opinion and failing to assess the effects of pace in the RFC was error.

If the district court determines that the ALJ committed legal error, it must then consider whether the error was harmless. *Treichler v. Comm'r Soc. Sec.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Harmless error occurs "when it is clear from the record the ALJ's error was inconsequential to the ultimate nondisability determination." *Garcia v. Comm'r Soc. Sec.*, 768 F.3d 925, 932 (9th Cir. 2014) (citation and quotation marks omitted).

The Court cannot say that this error was harmless. Had the ALJ credited the pacing and oversight accommodations suggested by Shapiro, under the VE's assessment it would preclude Plaintiff from work. Specifically, the VE stated, "If the person was real slow and they couldn't keep up with the normal pace of the job which an employer would determine, then they couldn't perform the jobs." (AR 54.) In addition, if an employee required frequent

supervision, the VE suggested this may also preclude employment. (AR 55.) The Court will remand this matter to the Commissioner for reconsideration of the pace limitations in accordance with this Order.

IT IS HEREBY ORDERED:

1. The decision of the Commissioner denying Plaintiff's claim for benefits is REVERSED.

2. This case is remanded for consideration in accordance with this Order.

Dated this 20th day of March, 2019.

Bernardo P. Velasco
United States Magistrate Judge